UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TINA SOBON,

                          Plaintiff,

v.                                                    5:13-CV-1431
                                                      (GTS/TWD)
HORIZON ENGINEERING ASSOCS., LLP; and
WILLIAM MATHEWSON,
                          Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

LEVINE & BLIT, PLLC                                   LEWIS G. SPICER, ESQ.
  Attorney for Plaintiffs
499 South Warren Street
Suite 500B
Syracuse, NY 13202

BARITZ & COLMAN LLP                                   AARON P. TAISHOFF, ESQ.
  Attorneys for Defendants                            RUSSELL M. WOLFSON, ESQ.
The Woolworth Building
233 Broadway
Suite 2020
New York, NY 10279

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this age discrimination action filed by Tina Sobon

("Plaintiff") against Horizon Engineering Associates, LLP ("Horizon") and William Mathewson

("Mathewson") (collectively, "Defendants"), is Defendants' motion to dismiss for failure to state

a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, in the

alternative, to transfer venue pursuant to 28 U.S.C. § 1406. (*See* Dkt. No. 11.) Plaintiff opposes

Defendants' motion and, alternatively, seeks leave to amend her Complaint. (*See* Dkt. No. 13.)

For the reasons set forth below, Defendants' motion to dismiss the Complaint is granted and

Plaintiff's cross-motion to amend the Complaint is denied.

## I.  RELEVANT BACKGROUND

### A.  Plaintiff's Complaint

Plaintiff's Complaint asserts claims against Defendants for age discrimination, hostile work environment and retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA"), and the New York Human Rights Law, N.Y. EXEC. LAW § 296 ("NYHRL").  (*See* Dkt. No. 1, ¶¶ 49-103 [Pl.'s Compl.].)

Generally, in support of her claims, Plaintiff sets forth the following factual allegations in her Complaint, which are accepted by the Court as true for purposes of deciding the current motion.

Defendant Horizon hired Plaintiff for the position of Project Coordinator Level I in April 2010.  Plaintiff is a fifty-five year old female.  She claims, "[u]pon information and belief," that she was "substantially older" that Horizon's other employees, including their Project Coordinators.  (*Id.*, at ¶ 15.)

Defendant continually gave Plaintiff commendations and positive reviews regarding her work performance.  Around eight months after Plaintiff was hired, she asked her supervisor, Defendant Mathewson, about promotion opportunities.  Mathewson replied that promotions were only available to employees with more than one year of experience.  Plaintiff claims "[u]pon information and belief," that no such policy existed and therefore, served as an excuse to keep her from advancing.  (*Id.*, at ¶ 19.)  Two months later, in February 2011, Mathewson "berated [Plaintiff] in front of another team member."  (*Id.*, at ¶ 20.)

In April 2011, during Plaintiff's first-year review, Defendants asked her to list three goals for the upcoming year.  Plaintiff stated she wanted to complete Horizon's management training, become a "LEED Green Associate," and receive a promotion.  (*Id.*, at ¶ 22.)  Thereafter,

Defendants "significantly increased" Plaintiff's workload. (*Id.,* at ¶ 23.) "In or about the same time, Defendants' business increased and Mathewson advised his team members, including [Plaintiff] and other project coordinators to ask for help and assistance during this busy time." (*Id.,* at ¶ 24.) "[Plaintiff] was singled out because of her age and denied assistance while all other significantly younger employees were provided help by Mathewson." (*Id.,* at ¶ 25.) Due to Plaintiff's increased workload and Horizon's unwillingness to assist her, Plaintiff "endured extreme anxiety and stress regarding her employment status and prospects." (*Id.,* at ¶ 26.)

Plaintiff again inquired about promotional opportunities but was denied, while Defendants promoted "several other project coordinators with less experience, all of whom were substantially younger than [Plaintiff]." (*Id.,* at ¶ 28.) Mathewson repeatedly refused to discuss with Plaintiff possible avenues for a promotion.

In May 2011, Plaintiff completed Horizon's management training. Thereafter, Plaintiff followed up with Mathewson about seeking a promotion. Mathewson replied that Horizon no longer offered promotions to project coordinators.

In November 2011, Plaintiff complained to Horizon's Human Resources Manager, Maria Theologis ("Theologis") that Plaintiff was forced to complete an increased workload without the assistance that Mathewson provided to younger employees. Theologis failed to take remedial action or conduct an investigation of Plaintiff's complaint.

One month later, during Plaintiff's second-year interview, Mathewson "berated, ridiculed, harassed and threatened [Plaintiff] because of her age." (*Id.,* at ¶ 35.)

In February 2012, Plaintiff again complained to Theologis, in writing, "regarding her discriminatory treatment as an employee at Horizon." (*Id.,* at ¶ 36.) Specifically, Plaintiff complained that Mathewson denied her promotional opportunities "because of her age" and "was

continually hostile to her, particularly during her [second-year] performance review." (*Id.,* at ¶ 37.) Again, Theologis failed to take remedial action or conduct an investigation of Plaintiff's complaint.

In June 2012, Defendant promoted two more project coordinators, who were "significantly younger and less experienced" than Plaintiff. (*Id.,* at ¶ 39.) On June 22, 2012, Plaintiff filed her third complaint of discrimination with Theologis, who, for a third time, failed to take remedial action or conduct an investigation.

At some point, a fourth complaint was filed with Theologis, after which Defendants "forced [Plaintiff] to undertake illegal and/or improper billing to Horizon's clients and customers," at the direction of Mathewson, among others, with the intent to damage Plaintiff's professional reputation and cause her additional stress and anxiety. (*Id.,* at ¶ 43.) In June 2012, due to this billing directive, Horizon's repeated refusal to provide assistance to Plaintiff, and Mathewson's continued hostility toward her, Plaintiff went on medical leave because of extreme stress and anxiety.

After Plaintiff returned to work, "the aforementioned discrimination had not been addressed." (*Id.,* at ¶ 47.) "As a result, the working conditions at Horizon became so intolerable that Plaintiff felt compelled to resign" in October 2012. (*Id.*) Finally, Plaintiff asserts that Defendants' "constructive discharge of [her] was a continuance of their discriminatory actions against [her] because of her age and for engaging in a protected activity." (*Id.,* at ¶ 48.)

### B. Defendants' Motion

Generally, in support of their motion to dismiss Plaintiffs' Complaint for failure to state a claim, or to transfer venue, Defendants assert the following eight arguments: (1) Plaintiff's ADEA claim against Mathewson must be dismissed because the ADEA does not subject

individuals to personal liability; (2) all discrete acts of discrimination alleged by Plaintiff that occurred prior to January 19, 2012 are time barred under the ADEA; (3) Plaintiff's ADEA discrimination claim must be dismissed because (a) Plaintiff was not qualified for a promotion, (b) Plaintiff did not suffer an adverse employment action, and (c) Plaintiff does not allege circumstances giving rise to an inference of discrimination; (4) Plaintiff has failed to state a hostile work environment claim as a matter of law; (5) Plaintiff's allegations do not constitute a basis for a retaliation claim; (6) Plaintiff's NYHRL claims against Horizon must be dismissed for the same reasons her counterpart claims under ADEA must be dismissed, and, in any event, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims; (7) Plaintiff's NYHRL claims against Mathewson must be dismissed because Plaintiff fails to allege that he had any ownership interest in, or control of, Horizon; and (8) this action must be transferred to the Southern District of New York pursuant to the forum selection clause contained in Plaintiff's employment agreement with Horizon. (*See generally* Dkt. No. 8-9, at 8-20 [Defs.' Mem. of Law].)

Generally, in response to Defendants' motion, Plaintiff asserts the following eight arguments: (1) the continuing violations doctrine incorporates all discriminatory acts concerning the denial of promotions occurring prior to January 19, 2012; (2) this Court should not consider Plaintiff's performance evaluation or email communications with Theologis because they are not incorporated by reference in the Complaint; (3) Plaintiff has sufficiently alleged claims of age discrimination because (a) Plaintiff was qualified for her position and a promotion at all times, (b) Plaintiff suffered multiple adverse employment actions, and (c) the decision to subject Plaintiff to adverse employment actions arose under circumstances giving rise to the inference of discrimination; (4) Plaintiff has alleged sufficient factual content to establish a

prima facie case of hostile work environment because (a) she alleged sufficient facts to plead a severe and pervasive work environment and (b) she alleged sufficient facts to show that she was subjected to hostility and abuse because of her age; (5) Plaintiff has alleged sufficient factual content to establish a prima facie case of retaliation because (a) Plaintiff engaged in protected activity as early as November 2011 and engaged in further protected activities thereafter, (b) Plaintiff was subjected to adverse employment actions subsequent to her complaints of discrimination, (c) a causal connection exists between Plaintiff's complaints and the adverse employment actions, and (d) the Complaint sufficiently alleges constructive discharge; (6) Mathewson can be held individually liable under NYHRL; (7) the choice of venue clause in unenforceable because this matter does not arise out of the employment agreement between Plaintiff and Horizon; and (8) in the alternative, Plaintiff requests leave to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(2). (*See generally* Dkt. No. 13, at 6-19 [Pl.'s Opp'n Mem. of Law].)

Generally, in reply to Plaintiff's response, Defendants assert the following eight arguments: (1) Plaintiff's introduction of additional factual allegations should be disregarded; (2) the employment agreement's forum selection clause should be enforced; (3) all discrete acts of alleged discrimination that occurred before January 19, 2012 are time-barred; (4) Plaintiff's opposition does not strengthen the Complaint's inadequate claim of age discrimination; (5) Plaintiff has not refuted Defendants' argument that the facts as alleged do not constitute a hostile work environment claim; (6) Plaintiff has failed to identify any adverse employment action taken in response to her participation in a protected activity; (7) Mathewson lacked the authority required to be held liable under NYHRL; and (8) Plaintiff should be denied leave to amend her complaint. (*See generally* Dkt. No. 14, at 2-10 [Defs.' Reply Mem. of Law].)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing Motions to Dismiss for Failure to State Claim

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's decision *Praileau v. Fischer*, 930 F. Supp. 2d 383, 390-392 (N.D.N.Y 2013) (Suddaby, J.), which accurately recites that standard.

The Court would only emphasize the following points.

First, it is important to reiterate the Supreme Court's finding that while a pleading need not "set out in detail the facts upon which [the claim is based]," it does mean the pleading must contain at least "some factual allegation[s]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, n.3 (2007). More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 554, 127 S. Ct. at1965.[1]

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1]     It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007) (emphasis added). That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, n.3 (citing *Conley*, 355 U.S. at 47) (emphasis added). That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough facts set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 214 & n.35 (N.D.N.Y. 2009) (explaining holding in *Erickson*).

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." *Id.*, at 678, 129 S. Ct. at 1949.

Finally, a few words are appropriate regarding what documents are considered on a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Generally, when deciding such a motion, the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[2]

---

[2]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case);

## B.     Legal Standards Governing Plaintiff's Claims

The ADEA and NYHRL prohibit employers from discriminating in hiring, discharge, or

the setting of 'compensation, terms, conditions, or privileges of employment' based upon the age

of an employee.  *See Dressler v. New York City Dept. of Educ.*, No. 10-CV-3769, 2012 WL

1038600, at *5 (S.D.N.Y. Mar. 29, 2012) (citing 29 U.S.C. § 623(a)(1)).  *See also Hazen Paper

Co. v. Biggins*, 507 U.S. 604, 609, 113 S. Ct. 1701 (1993); N.Y. EXEC. LAW § 296(1)(a).

### 1.     Discrimination

In order to establish a prima facie case of age discrimination under the ADEA and

NYHRL, a plaintiff must show that (1) she is a member of the protected class, (2) she is

qualified for the position, (3) she suffered adverse employment action, and (4) the circumstances

surrounding the action give rise to an inference of age discrimination.  *See Gorzynski v. JetBlue

Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010); *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d

---

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .  However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

456, 466 (2d Cir. 2001).[3] In addition to showing that the defendant discriminated against her on the basis of age, the plaintiff must also show that age discrimination was a "but-for" cause of the adverse action, and not merely one of the motivating factors. *See Castellanos v. Montefiore Med. Ctr.*, No. 09CV-9400, 2012 WL 4471573 at *5 (S.D.N.Y. Sept. 27, 2012) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343 (2009)). While a discrimination plaintiff is not required to plead the elements of a prima face case, "his complaint must contain sufficient facts to make plausible the conclusion that 'but for' his age, he would not have suffered the challenged action." *Thompson v. ABVI Goodwill Servs.*, No. 12-CV-6212, 2013 WL 505491, at *3 (W.D.N.Y. Feb. 8, 2013) (citations and internal quotation marks omitted). *See also, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 995 (2002).

## 2. Hostile Work Environment

In order to state a claim for a hostile work environment under the ADEA[4] or Title VII, the underlying harassment alleged "must be sufficiently severe or pervasive," both subjectively and objectively, "to alter the conditions of [the plaintiff's] employment and create an abusive working environment." *Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S. Ct. 2399 (1986); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22, 114 S. Ct. 367 (1993). Further, the plaintiff must allege facts plausibly suggesting that the hostile or abusive treatment was because of his or her membership in a class of persons protected by the relevant statute. *See Redd*, 678 F.3d at 175.

---

[3] "While one must reach the age of forty before falling under the protection of the ADEA, *see* 29 U.S.C. § 631(a), the employment provisions of NYHRL apply to all employees over the age of eighteen, *see* N.Y. Exec. Law § 296(3-a)(a)." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466, n.3 (2d Cir. 2001).

[4] The same standards apply to hostile work environment claims brought under Title VII and the ADEA. *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003).

A determination of whether an environment is objectively hostile or abusive requires an evaluation of all the circumstances, such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Redd*, 678 F.3d at 175 (citing *Harris*, 510 U.S. at 23, 114 S. Ct. 367). Whether an environment is subjectively hostile or abusive may be determined by the effect on the plaintiff's psychological well-being, although no single factor is required. *See id.* To survive a motion to dismiss for failure to state a claim, however, "a plaintiff need only plead facts sufficient to support the conclusion that she was faced with 'harassment ... of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.'" *Reynoso v. All Foods, Inc.*, 908 F. Supp. 2d 330, 339 (E.D.N.Y. 2012) (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir.2007)).

Moreover, in order to establish her claim for hostile work environment, a plaintiff need not show that her "working environment was both severe and pervasive; only that it was sufficiently severe or sufficiently pervasive, or a sufficient combination of these elements, to have altered her working conditions." *Redd*, 678 F.3d at 175 (quoting *Pucino v. Verizon Commc'ns, Inc.*, 618 F.3d 112, 119 (2d Cir. 2010)). Typically, isolated incidents will not suffice to establish a hostile work environment, "although we have often noted that even a single episode of harassment can establish a hostile work environment if the incident is sufficiently severe." *Redd*, 678 F.3d at 175-176 (citing, inter alia, *Feingold v. New York*, 366 F.3d 138, 150 (2d Cir.2004) ("[A] single act can create a hostile work environment if it in fact work[s] a transformation of the plaintiff's workplace." (internal quotation marks omitted)).

### 3. Retaliation

To establish a prima facie case of retaliation under ADEA, "a plaintiff must show (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F .3d 119, 129 (2d Cir.2012) (internal quotation marks omitted). A causal connection can be demonstrated either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment ...; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir.2000).

"Although the Second Circuit has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship, district courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." *McGarty v. City of New York*, No. 12-CV-2813, 2014 WL 4626019, at *16 (S.D.N.Y. Sept. 16, 2014) (citing *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir.2009); *Murray v. Visiting Nurse Servs.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y.2007)).

### 4. Individual Liability

Only employers, not individuals, are liable under the ADEA. *See Colvin v. State Univ. Coll. at Farmingdale*, No. 13-CV-3595, 2014 WL 2863224, at *16 (E.D.N.Y. June 19, 2014) (citing *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. Apr.28, 2011)*; Rozenfeld v. Dep't of Design & Constr. of City of New York*, 875 F. Supp. 2d 189, 201 (E.D.N.Y.2012), aff'd, 522 F.

App'x 46 (2d Cir. May 29, 2013) (holding that the ADEA does not provide for individual liability)).

Under NYHRL, an individual can be held liable as "an employer" if he "actually participates in the conduct giving rise to a discrimination claim," or if he has an "ownership interest or ... power to do more than carry out personnel decisions made by others," such as hiring or firing employees. *Hanley*, 2013 WL 3192174, at *9 (quoting *Tomka v. Seiler*, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998)); N.Y. Exec. Law §§ 296(1)(a), (6).

## III. ANALYSIS

### A. Whether Defendants' Exhibits and Plaintiff's Allegations in Her Opposition Memorandum of Law Are Properly Considered

The Court answers this question in the negative, in part for the reasons stated by Plaintiff in her memorandum of law, (*see* Dkt. No. 13, at 7 [Pl.'s Opp'n Mem. of Law], and in part for the reasons stated by Defendants in their reply memorandum of law, (*see* Dkt. No. 14, at 2-3 [Defs.' Reply Mem. of Law].) The Court would add the following points.

#### 1. Defendants' Exhibits Two, Three and Four

Defendants submit certain exhibits in support of their motion to dismiss that they argue should be considered by this Court because they are integral to the Complaint and are documents that Plaintiff either possessed or knew about and relied upon in bringing suit. (*See* Dkt. No. 8-1, at Exs. 2-4 [Decl. of Russell M. Wolfson, Feb. 25, 2014]; Dkt. No. 8-9, at 4 and n.3 [Defs.' Mem. of Law] [citing *Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002); *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)].) These exhibits contain what are purported to be Plaintiff's December 3, 2010 performance evaluation as well as two email communications from Theologis to Plaintiff in June 2012 and July 2012, respectively.

The Complaint contains allegations that Plaintiff "frequently received commendations and positive reviews regarding her work performance from Defendants" and that, despite Plaintiff emailing Theologis "her third formal complaint of discrimination" on June 22, 2012, Theologis "failed to take any remedial action . . . or conduct an investigation." (Dkt. No. 1, at ¶¶ 16, 41, 42 [Pl.'s Compl.].) As indicated in Point II.A. of this Decision and Order, documents that, although not incorporated by reference, are "integral" to the complaint, may be considered by the Court when deciding a Rule 12(b)(6) motion without triggering the standard governing a motion for summary judgment. The Court of Appeals for the Second Circuit has explained that documents are "integral" to the complaint when they are "integral to [plaintiff's] ability to pursue his cause of action" or where the "complaint relie[d] heavily upon its terms and effect." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir.2004); *Chambers*, 282 F.3d at 153). However, the Second Circuit has held, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir.2006)). Moreover, "[i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.* A review of the documents contained in Defendants' exhibits two, three and four leads the Court to conclude that they should not be considered because it is not clear that there are no material disputed issues of fact regarding their relevance, authenticity or accuracy.

### 2. Allegations Contained in Plaintiff's Memorandum of Law

Defendants correctly argue that certain allegations in Plaintiff's memorandum of law, which do not appear in the Complaint, should not be considered by this Court in deciding the

current motion. Accordingly, the Court will only consider the allegations within the four corners of Plaintiff's Complaint.

**B. Whether Plaintiff's Complaint Alleges Facts Plausibly Suggesting that She Suffered Adverse Employment Action**

The Court answers this question in the affirmative, in part, and in the negative, in part, for the following reasons.

Here, the Complaint alleges that (1) Plaintiff was denied a promotion on multiple occasions, (2) Plaintiff's workload increased, (3) Plaintiff was denied assistance in her work, (4) Plaintiff was directed to take an improper or illegal billing practice, and (5) Plaintiff was ultimately compelled to resign due to discrimination.

An adverse employment action is "a materially adverse change in the terms and conditions of employment." *Caskey v. Cnty. of Ontario*, 560 F. App'x 57, 58 -59 (2d Cir. 2014) (quoting *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir.2004) (internal quotation marks omitted)). To be materially adverse, a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A change that is materially adverse could consist of, among other things, termination of employment, failing to promote, a demotion evidenced by a decrease in wage or salary, a less distinguished title, reassignment with significantly different responsibilities, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation. *See id.; Shemendera v. First Niagara Bank*, No. 12-CV-178, 2014 WL 847329, at *3 (W.D.N.Y. Mar. 4, 2014) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257 (1998); *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir.2004)).

"An adverse employment action may also take the form of a constructive discharge, which occurs 'when the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation.'" *Id.* (quoting *Morris v. Schroder Capital Mgmt. Int'l*, 481 F.3d 86, 88 (2d Cir.2007) (internal quotation marks omitted)).

The law is clear that the denial of a promotion is an adverse employment action. *See Shemendera*, 2014 WL 847329, at *3. An increased workload, denial of assistance or an improper and/or illegal directive may be considered materially adverse if accompanied by a "significant[] change[ in] . . . responsibilities, status, or exposure to dangerous conditions." *Lopez v. Flight Servs. & Sys.*, 881 F. Supp. 2d 431, 441 (W.D.N.Y.2012). Accordingly, to the extent Plaintiff alleges a failure to promote, she has alleged facts plausibly suggesting adverse employment action. However, the Complaint fails to allege facts plausibly suggesting that Plaintiff's increased workload was accompanied by a significant change in responsibility or status. Accordingly, Plaintiff has not sufficiently pled adverse action on the basis of her increased workload or lack of assistance. To the extent Plaintiff contends that the billing directive was illegal and therefore, damaged her "professional reputation," the Court deems such a directive to be materially adverse.

Finally, the Complaint alleges that "the working conditions at Horizon became so intolerable that Plaintiff felt compelled to resign." (Dkt. No. 1, at ¶ 47 [PL.'s Compl.].) However, Plaintiff's allegation in this regard is nothing more than a regurgitation of the legal standard and therefore, cannot satisfy the pleading requirements set forth by the Supreme Court, as indicated in Point II.A. of this Decision and Order. Moreover, the allegations in the Complaint fail to allege facts plausibly suggesting constructive discharge. As the Supreme Court

has explained, constructive discharge is "harassment ratcheted up to the breaking point." *Almontaser v. New York City Dep't of Educ.*, No. 13-CV-5621, 2014 WL 3110019, at *4 (E.D.N.Y. July 8,2014) (quoting *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147-48, 124 S. Ct. 2342 (2004)). The Complaint fails to allege facts which would lead to a plausible conclusion that Plaintiff's working conditions were so objectively intolerable as to compel resignation. *Almontaser v. New York City Dep't of Educ.*, No. 13-CV-5621, 2014 WL 3110019, at *4 (E.D.N.Y. July 8,2014) (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210, 230 (2d Cir.2004)).

Accordingly, Plaintiff has sufficiently alleged facts supporting the conclusion that she suffered an adverse employment action in the form of the denials of promotion and the improper and/or illegal billing directive. Plaintiff has not sufficiently pled that her increased workload or the denials of assistance are adverse employment action, nor has she sufficiently pled constructive discharge.

  **C.** **Whether Plaintiff's Complaint Alleges Facts Plausibly Suggesting That the Circumstances Surrounding Any Alleged Adverse Action or Harassment Give Rise to an Inference of Discrimination or Retaliatory Animus**

The Court answers this question in the negative. Plaintiff's Complaint is filled with conclusory allegations and "naked assertions devoid of further factual enhancement" rather than "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 566 U.S. at 678, 129 S. Ct. 1937. For this reason alone, Plaintiff's Complaint must be dismissed.

Specifically, Plaintiff asserts vague and ambiguous facts, which fail to sufficiently plead discrimination based on age or retaliatory animus based on age. Her repeated references to other, nameless, "significantly" or "substantially" younger employees who were given assistance and promotions while Plaintiff was not, do not allow a reasonable inference of age

discrimination,[5] nor do Plaintiff's allegations that she was "singled out because of her age" and denied opportunities for promotion "because of her age."[6] *See Shemendera*, 2014 WL 847329, at \*4; *Allessi v. New York State Dep't of Corr. &Cmty. Supervision*, No. 12-CV-725, 2014 WL 1671580, at \*5 (W.D.N.Y. Apr. 22, 2014) (citing *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 533 (S.D.N.Y. 2013); *Hilton v. Bedford Paving, LLC*, 769 F. Supp. 2d 92, 101 (W.D.N.Y. 2010)). Similarly, such allegations fail to sufficiently plead discriminatory or retaliatory animus for purposes of a retaliation claim. *See Leon v. Dep't of Educ.*, — F. Supp. 2d —, —, 2014 WL 1689047, at \*13 (E.D.N.Y. 2014) (Plaintiff's continued allegations that "younger similarly situated teachers" were treated differently than she are conclusory and amount to little "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "[N]aked assertions devoid of further factual enhancement," will not survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). Plaintiff's Complaint does not include specific factual references to transform her general allegations that these actions were motivated by discriminatory animus into cognizable claims for discriminatory or retaliatory treatment.)

Therefore, Plaintiff's ADEA and NYHRL claims against Defendants are dismissed.

**D.     Whether Plaintiff's Complaint Alleges Facts Plausibly Suggesting That the Circumstances Surrounding Any Alleged Harassment Were Sufficiently Severe or Pervasive**

The Court answers this question in the negative. The Complaint alleges the following facts in support of a claim of hostile work environment: (1) Mathewson falsely told Plaintiff that promotional opportunities were only available to people with more than one year of service with

---

[5]      *See* Dkt. No. 1, at ¶¶ 15, 25, 28, 33, 39 [PL.'s Compl.].

[6]      *See* Dkt. No. 1, at ¶¶ 25, 35, 37, 40, 48 [PL.'s Compl.].

Horizon as an excuse to keep her from advancing, (*see* Dkt. No. 1, at ¶¶ 18-19 [PL.'s Compl.]);

(2) Mathewson "berated" Plaintiff in front of other employees, (*id.* at ¶ 20); (3) Mathewson

provided assistance to other "significantly younger" employees, while denying such assistance to

Plaintiff "because of her age," (*id.* at ¶ 25); (4) Mathewson repeatedly refused to discuss with

Plaintiff possible avenues for a promotion, (*id.* at ¶ 29); (5) Mathewson "berated, ridiculed,

harassed and threatened [Plaintiff] because of her age," (*id.* at ¶ 35); and (6) Mathewson and two

other individuals established a policy of directing Plaintiff to undertake illegal and/or improper

billing practices with the intention of damaging Plaintiff's professional reputation and causing

her stress and anxiety, (*id.* at ¶¶ 44-45).  This conduct does not give rise to a viable hostile work

environment claim.

It is important to note that the ADEA is not a civility code.  *See Henkin v. Forest Labs.,*

*Inc.*, No. 01-CV-4255, 2003 WL 749236, at *8 (S.D.N.Y. Mar.5, 2003), aff'd, 88 F. App'x 478

(2d Cir.2004).  Consequently, offensive utterances or workplace disagreements will not suffice

to establish a hostile work environment claim.  *See Palumbo v. Carefusion 2200,* In*c.*, No. 12-

CV-6282, 2014 WL 3921233, at *14 (W.D.N.Y. Aug. 11, 2014) (Plaintiff's claims that

Defendant was unusually harsh toward her, berated her in front of coworkers, and deliberately

embarrassed her were not age-related and therefore, did not rise to the level of a hostile work

environment claim).  Here, Plaintiff's conclusory allegations, without more, do not establish that

Mathewson's conduct was sufficiently severe or pervasive to create a hostile work environment.

Therefore, Plaintiff's hostile work environment claims against Defendants under the

ADEA and NYHRL are dismissed.

### E. Whether Plaintiff Should Be Permitted to Amend Her Complaint

The Court answers this question in the negative for the following two reasons.

Pursuant to Rule 15(a)(2), "a party may amend its pleading ... with ... the court's leave . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). While "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and such leave should be denied where the problem with the complaint is substantive so that "better pleading will not cure" the deficiency and "would thus be futile," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). *See also Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile."). Here, Plaintiff's substantive allegations do not establish an inference of discrimination or retaliatory animus. Accordingly, any amendment would be futile.[7] For this reason alone, Plaintiff's cross-motion for leave to amend is denied.

Second, Plaintiff's purported cross-motion to amend her complaint consists of one sentence at the conclusion of her memorandum of law requesting leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). Such a motion is procedurally defective. Plaintiff has failed to comply with Local Rule 7.1(a)(4) of the Local Rules of Practice for this Court, requiring the attachment of an unsigned copy of the proposed amended pleading to her motion papers, which must identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means. Moreover,

---

[7]     Even considering the factual allegations asserted by Plaintiff in her memorandum of law, the Court would reach the same conclusion.

where, as here, Plaintiff fails to proffer any proposed, substantive amendment that would satisfy the applicable pleading requirements, leave to amend is appropriately denied. *See Owens v. Textron Fin. Corp.*, 13-CV-5948, 2014 WL 3887181, at *5 (S.D.N.Y. July 14, 2014) (citing *In re Cybershop.com Sec. Litig.*, 189 F. Supp. 2d 214, 236 (D.N.J. 2002)).

Therefore, Plaintiff's cross-motion for leave to amend the Complaint is denied.

For these reasons, Defendants' motion to dismiss is granted. Therefore, the Court does not, and need not, address Defendants' motion to transfer venue or Defendants' remaining arguments in support of their motion to dismiss.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross motion to amend her Complaint (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

Dated: September 30, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge